1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MITCHELL DIXON, JR.,                    No. 2:18-cv-0722-EFB P

12              Plaintiff,

13         v.                                 ORDER AND FINDINGS AND
                                              RECOMMENDATIONS
14    TARGET SUPER MARKET, et al.,

15              Defendants.

16

17         Plaintiff is a county inmate proceeding without counsel in an action brought under 42

18    U.S.C. § 1983.  He seeks leave to proceed in forma pauperis.  *See* 28 U.S.C. § 1915(a).  As

19    discussed below, plaintiff has not demonstrated that he is eligible to proceed in forma pauperis.

20         A prisoner may not proceed in forma pauperis:

21         if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in
           any facility, brought an action or appeal in a court of the United States that was
22         dismissed on the grounds that it is frivolous, malicious, or fails to state a claim
           upon which relief may be granted, unless the prisoner is under imminent danger of
23         serious physical injury.

24

25    28 U.S.C. § 1915(g).  Court records reflect that on at least three prior occasions, plaintiff has

26    brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to

27    state a claim upon which relief may be granted.  *See* (1) *Dixon v. Schubert*, No. 2:16-cv-0168-

28    TLN-AC (E.D. Cal.), ECF No. 14 (May 20, 2016 order dismissing action as frivolous and

                                               1

seeking monetary relief from defendants who are immune from such relief); (2) *Dixon v. Stym*,

No. 2:16-cv-0043-KJM-KJN (E.D. Cal.) (Jan. 3, 2017 order dismissing action as frivolous);

(3) *Dixon v. Clerk, U.S. District Court*, No. 2:17-cv-1847-MCE-AC (E.D. Cal.) (Oct. 6, 2017

order dismissing action as frivolous and seeking monetary relief from defendants who are

immune from such relief); and (4) *Dixon v. Alvarez*, No. 1:17-cv-316-MJS (E.D. Cal.) (May 15,

2017 order dismissing action for failure to state a claim).[1]

      The section 1915(g) exception applies if the complaint makes a plausible allegation that

the prisoner faced "imminent danger of serious physical injury" at the time of filing. 28 U.S.C.

§ 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007).  In this case, plaintiff

alleges that he was beaten and arrested at a Target store by Target loss prevention officers

sometime on or before February 10, 2018.  ECF No. 1 at 8.  He does not allege that he was under

an imminent danger of serious physical injury when he filed this action, on April 2, 2018, from

county jail.  Plaintiff's application for leave to proceed in forma pauperis must therefore be

denied pursuant to § 1915(g).  Plaintiff must submit the appropriate filing fee in order to proceed

with this action.

      Accordingly, IT IS HEREBY ORDERED that the Clerk randomly assign a United States

District Judge to this action.

      Further, because plaintiff has not paid the filing fee and is not eligible to proceed in forma

pauperis, IT IS HEREBY RECOMMENDED that:

      1.  Plaintiff's application to proceed in forma pauperis (ECF No. 2) be denied; and

/////

---

[1] In a recent decision, the Ninth Circuit held that all parties, including unserved defendants, must consent in order for jurisdiction to vest with the magistrate judge pursuant to 28 U.S.C. § 636(c)(1). *Williams v. King*, 875 F.3d 500 (9th Cir. 2017).  Notwithstanding this holding, numerous district courts have held that prior dismissals of cases with unserved defendants by magistrate judges may still be properly counted as strikes. *See, e.g. Hoffman v. Pulido*, No. 1:18-cv-0209-AWI-SKO, 2018 U.S. Dist. LEXIS 42949, at *6-8 (E.D. Cal. Mar. 15, 2018) (reasoning that an attack on the validity of a prior case would be an improper collateral challenge in a subsequent proceeding); *Hoffman v. Sherman*, No. 1:18-cv-0195-LJO-EPG, 2018 U.S. Dist. LEXIS 50837, at *7 (E.D. Cal. Mar. 27, 2018)  (concluding that a determination as to jurisdiction of the dismissing court in prior cases goes beyond the scope of review under § 1915(g)).

1    2.  Plaintiff be ordered to pay the $400 filing fee within fourteen days from the date of any

2    order adopting these findings and recommendations and be warned that failure to do so will result

3    in the dismissal of this action.

4         These findings and recommendations are submitted to the United States District Judge

5    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

6    after being served with these findings and recommendations, any party may file written

7    objections with the court and serve a copy on all parties.  Such a document should be captioned

8    "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

9    within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

10   *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

11   Dated:  March 28, 2019.

12   _____
     EDMUND F. BRENNAN
13   UNITED STATES MAGISTRATE JUDGE